UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Al Davis Petrovich<br><br>　　　　　Plaintiff<br><br>　v.<br><br>Ocwen Loan Servicing, LLC, et al<br><br>　　　　　Defendants<br>_____ | No. 15-CV-0033 EMC<br><br>**ORDER CONSTRUING PLAINTIFF'S COMPLAINT AS CONTAINING AN EX PARTE REQUEST FOR TEMPORARY RESTRAINING ORDER AND DENYING THE REQUEST** |

　　　　On January 5, 2015 Plaintiff Al Davis Petrovich filed the instant action alleging 14 causes of action against defendants revolving around Defendants' alleged misconduct in handling Plaintiff's mortgage and seeking to foreclose on Plaintiff's residence.  According to the Complaint, Defendant Ocwen Loan Servicing, LLC has set January 7, 2015 as the date for the foreclosure sale of Plaintiff's property.  Plaintiff's complaint includes references to Plaintiff seeking "emergency injunctive relief to enjoin the Defendants" from proceeding with the allegedly fraudulent or unlawful foreclosure.  *See, e.g.*, Complaint at 2 (Dkt. No. 1).  For the following reasons the Court liberally construes Plaintiff's *pro se* complaint as including an ex parte request for a temporary restraining order and **DENIES** the request without prejudice.

　　　　Issuance of temporary restraining orders in this district is governed by Civil Local Rule 65-1.  In relevant part, this rule provides:

> (a) **Documentation Required**: An *ex parte* motion for a temporary restraining order must be accompanied by:
>
> 　　(1) A copy of the complaint;
>
> 　　(2) A separate memorandum of points and authorities in support of the motion;

>> (3) The proposed temporary restraining order; and
>
> (4) Such other documents in support of the motion which the party wishes the Court to consider.
>
> (b) **Notice to Opposition of Ex Parte Motion.** Unless relieved by order of a Judge for good cause shown, on or before the day of an *ex parte* motion for a temporary restraining order, counsel applying for the temporary restraining order must deliver notice of such motion to opposing counsel or party.

N.D. Cal. Civ. Local Rule 65-1(a) & (b).

Plaintiff has wholly failed to comply with these provisions.  First, Plaintiff has not submitted a memorandum of points and authorities in support of his request for emergency injunctive relief, explaining why an injunction should issue.  Second, Plaintiff has not submitted a proposed temporary restraining order defining the scope of equitable relief sought.  Finally, neither the Complaint nor any other filing on the docket reflects that Plaintiff afforded Defendants notice that he was seeking ex parte relief.  Finally, Federal Rule of Civil Procedure 65(c) provides that a court may issue a temporary restraining order "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  Fed. R. Civ. P. 65(c).  Plaintiff has posted no security.  On these grounds alone, denial of Plaintiff's request for emergency injunctive relief is warranted. *See, e.g.*, *Wang v. Silver Wing Chinese Restaurant*, No. 5:05 CV 4119 RS, 2009 WL 1033440, at *2 (N.D. Cal. Apr. 16, 2009) (denying ex parte motion for temporary restraining order where movant failed to provide a proposed order, failed to provide defendant with notice, and did not post any security).

Furthermore, the Court notes that Plaintiff filed the instant action on January 5, 2015 – a mere two days before the foreclosure sale he apparently seeks to enjoin.  While the complaint includes conclusory allegations that Defendant had "assured Plaintiff that they would not proceed or continue with the foreclosure process" while they reviewed Plaintiff's request for a loan modification and Plaintiff was "unaware that a date had been set for the trustee's sale," Plaintiff has wholly failed to allege specific facts demonstrating when he became aware of the foreclosure sale date and why he could not have pursued injunctive relief before this late date.  In fact, many of the allegations in the complaint strongly suggest that Plaintiff was aware of the alleged irregularities in

the handling of his mortgage or the foreclosure process well before January 5, 2015. *See, e.g.*, Complaint at 7 ("On October 15, 2014 OCWEN sent a package of irrelevant documentation [in response to an alleged qualified written request] thus failing to provide proper answers tot he requests from the Plaintiff."); *see also id.* at 14 (noting that a notice of default, and two notice of sales had been filed by Defendants). Plaintiff's failure to adequately explain this eleventh hour request for emergency injunctive relief further requires that his request be denied. *See Purugan v. HSBC Bank USA, Nat'l Ass'n*, No. C12-5168 SBA, 2012 WL 4845444, at *1 (N.D. Cal. Oct. 10, 2012) ("Plaintiffs offer no explanation why they waited until only a week before the sale date to seek a TRO without notice. As such, any exigency is of Plaintiff's own making.").

     For the foregoing reasons, Plaintiff's request for emergency injunctive relief, construed as an *ex parte* request for a temporary restraining order is **DENIED**. This denial is without prejudice to Plaintiff properly bringing a request that complies with the Federal Rules of Civil Procedure and this Court's local rules. Any renewed motion must present a clear articulation of (1) why Plaintiff delayed seeking injunctive relief until two days prior to the foreclosure sale sought to be enjoined and (2) why Plaintiff's request meets the substantive standard governing requests for injunctive relief. *See Roe v. Anderson*, 134 F.3d 1400, 1401-02 (9th Cir. 1998) (stating that a party seeking an injunction has the burden of establishing: (1) a likelihood of success on the merits and the possibility of irreparable injury or (2) existence of serious questions going to the merits and the balance of hardships tipping in the movant's favor). To establish a sufficient showing on the merits of any renewed request, Plaintiff must provide specific factual evidence to support his claims. The allegations of the complaint as currently alleged are not sufficient. For example, the Complaint consists largely of unsupported conclusory allegations and, in places, contains contradictory

///
///
///
///
///
///

allegations. *Compare, e.g.*, Complaint at 12 (noting that the Defendants set a foreclosure sale date of January 7, 2015), *with id.* at 15 (noting that defendants "sold the Subject Property at a sale conducted without notice to Plaintiff").

IT IS SO ORDERED.

Dated: January 6, 2015

_____
EDWARD M. CHEN
United States District Judge

4