UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AL DAVIS PETROVICH,<br><br>        Plaintiff,<br><br>    v.<br><br>OCWEN LOAN SERVICING, LLC, *et al.*,<br><br>        Defendants.<br>_____/ | No. C-15-0033 EMC<br><br>**ORDER GRANTING DEFENDANTS'**<br>**MOTION TO DISMISS**<br><br>**(Docket No. 11)** |

        On January 5, 2015, Al Davis Petrovich ("Plaintiff") sued Ocwen Loan Servicing, Western Progressive, one hundred unnamed individuals, and thirty unnamed corporations (collectively "Defendants") in this Court. Plaintiff sued as a pro se litigant. Currently pending before the Court is Defendants' motion to dismiss. For the reasons discussed at the March 27, 2015 hearing, and set forth herein, Defendants' motion to dismiss is **GRANTED**. Mr. Petrovich has leave to amend.

## I.    BACKGROUND

        The following facts are set forth in Plaintiff's complaint ("Compl."). On or about November 14, 2005, Plaintiff entered into a consumer loan contract with Option One Mortgage. Compl. ¶ 14. Plaintiff obtained the loan to purchase a property located in Rio Dell, CA. *Id*. On February 13, 2013, Ocwen contacted Plaintiff, notifying him that it was servicing the loan. Compl. ¶ 15. At some point thereafter, Plaintiff sent Ocwen a letter explaining that Ocwen had made an error in calculating the amount owed on his mortgage. Compl. ¶ 18. On October 16, 2014, Ocwen responded to Plaintiff's letter with its own letter. Compl. ¶ 20. Plaintiff found Ocwen's response unsatisfactory. Compl. ¶ 20-21.

At some point, Plaintiff spoke with an Ocwen representative about reviewing the accounting associated with his loan and modifying his loan. Compl. ¶ 49-50. An Ocwen representative "assured Plaintiff that they would not proceed or continue with the foreclosure process . . . while reviewing Plaintiff's request [sic] accounting and for a loan modification." Compl. ¶ 49. At some point thereafter, and without providing Plaintiff any notice, Ocwen set January 7, 2015 as the "trustee's sale date" for Plaintiff's property. *Id.*

Plaintiff further alleges two primary issues related to his mortgage. First, Plaintiff alleges that Ocwen improperly calculated and reported the interest he paid on his loan in 2013, and did not provide him with a proper tax form related thereto. Compl. ¶ 21-24. Second, Plaintiff seems to generally allege, on information and belief, that Ocwen lacks authority to foreclose on his property because it botched the process of securitizing his loan, and lost all interest in the property as a result. Compl. ¶ 33-39.

Presumably based on these facts, Plaintiff's complaint sets out the following claims: (1) violation of 12 U.S.C. § 2605; (2) breach of oral contract; (3) breach of written contract; (4) wrongful foreclosure; (5) quite title; (6) slander of title; (7) cancellation of instruments; (8) promissory estoppel; (9) negligence; (10) negligent misrepresentation; (11) fraud; (12) violation of Fair Debt Collection Practices Act; (13) violation of California Business and Professions Code § 17200; and (14) declaratory relief. Defendant filed a motion to dismiss each of the claims based on Plaintiff's failure to plead sufficient facts.

## II.   DISCUSSION

A.   Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss based on the failure to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6). A motion to dismiss based on Rule 12(b)(6) challenges the legal sufficiency of the claims alleged. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). In considering such a motion, a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party, although "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir.

2009). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than sheer possibility that a defendant acted unlawfully." *Iqbal*, 129 S. Ct. at 1949.

B.   <u>Violation of 12 U.S.C. § 2605</u>

"RESPA [as 12 U.S.C. § 2605 is referred to] requires the servicer of a federally related mortgage loan to provide a timely written response to inquiries from borrowers regarding the servicing of their loans." *Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 665 (9th Cir.2012) (citing 12 U.S.C. § 2605(e)(1)(A), (e)(2)). "If the servicer fails to respond properly to such a request, the statute entitles the borrower to recover actual damages and, if there is a 'pattern or practice of noncompliance,' statutory damages of up to $1,000." *Id*. (citing 12 U.S.C. § 2605(f)).

To state a claim under RESPA, a plaintiff must allege that (1) a defendant violated RESPA; and (2) that defendant's violation caused the plaintiff monetary damages. *Hutchinson v. Del. Sav. Bank FSB*, 410 F. Supp. 2d 374, 383 (D.N.J. 2006) ("alleging a breach of RESPA duties alone does not state a claim under RESPA. Plaintiff must, at a minimum, also allege that the breach resulted in actual damages").

Here, Defendant argues that Plaintiff's claim fails because it does not allege any actual damages flowing from Ocwen's failure to adequately respond to Plaintiff's October 16th letter. In connection with its RESPA claim, Plaintiff seems to allege two forms of damages – (1) reduction in his credit score; and (2) "$5,000.00 per instance where defendant recorded a confidential conversation, without [his] knowledge or consent." Compl. ¶¶ 46-47. Neither of these allegations can support Plaintiff's RESPA claim.

First, a reduction in credit rating is not sufficient damage to support a RESPA claim. *Anokhin v. BAC Home Loan Servicing, LP*, 2010 WL 3294367, at *3 (E.D. Cal. Aug. 20, 2010) ("Plaintiff's conclusory statement that she suffered negative credit ratings does not itself establish

actual [RESPA] damages."). Furthermore, even if it were, Plaintiff does not allege any facts that plausibly connect Ocwen's allegedly insufficient response to its downgrade in credit. Rather, Plaintiff states only that "it appears Ocwen has . . . reported . . . that plaintiff's account was past due." Compl. ¶ 46. It is unclear how this is related to Ocwen's insufficient response to Plaintiff's alleged qualified written request. Thus, Plaintiff's allegations of credit damage are insufficient.

Second, Plaintiff's assertion that he is entitled "to $5,000.00 per instance where defendant recorded a confidential conversation" does not seem related to Ocwen's alleged RESPA violation. It is unclear from the Complaint that any recorded conversation took place concerning Plaintiff's qualified written request, or otherwise. Moreover, even if such a conversation were alleged, RESPA does not protect the privacy of such conversations, and thus any damages resulting from Ocwen's clandestine recordings could not support Plaintiff's RESPA claim.

Accordingly, because the Complaint fails to allege any actual damages that resulted from Defendant's alleged RESPA violation, the Court grants Defendant's motion to dismiss, with leave to amend.

C.   Breach of Oral Contract

Plaintiff alleges that an Ocwen representative assured him that Ocwen would not proceed with a foreclosure until it had reviewed his application for a modification and his request for an accounting. Compl. ¶ 49. Furthermore, Plaintiff claims that Ocwen did not do as it said, and thus breached an oral contract. *Id*. Defendant argues that Plaintiff's claim for breach of oral contract is deficient because it does not plead fact sufficient to infer a legally enforceable contract.

The elements of a claim for breach of contract are (1) existence of the contract; (2) performance by the plaintiff or excuse for nonperformance; (3) breach by the defendant; and (4) damages. *First Commercial Mortgage Co. v. Reece*, 89 Cal.App. 4th 731, 745 (2001). "As a general rule, a gratuitous oral promise to postpone a foreclosure sale or to allow a borrower [cannot form the basis of a contract]" for want of consideration. *Garcia v. World Sav., FSB*, 183 Cal.App.4th 1031, 1039 (2010). However, in some instances, a foreclosing entity's promise to delay foreclosure proceedings can form the basis for a contract, if it is exchanged for some form of undertaking by the borrower. *See Raedeke v. Gibraltar Sav. & Loan Assn.*, 10 Cal. 3d 665, 670

4

1 (1974) (finding a promise enforceable where the plaintiff's "procurement of a responsible,
2 prospective purchaser" of their property constituted "good consideration").

3       Here, Plaintiff does not allege any undertaking in exchange for Ocwen's alleged promise to
4 post-pone foreclosure proceedings. Thus, the alleged promise cannot form the basis of a enforceable
5 contract. Having failed to state an essential element of his claim – the existence of the alleged
6 contract – the Court dismisses Plaintiff's second cause of action with leave to amend.

7 D.    Breach of Written Contract

8       In the third cause of action for breach of written contract, Plaintiff alleges that Defendants
9 entered into a Servicing Participation Agreement ("SPA") with Fannie Mae. Compl. ¶ 52. Plaintiff
10 alleges that as a part of that agreement, Defendants "agreed to suspend all foreclosure proceedings
11 until the HAMP analysis was completed for all homeowners, including Plaintiff." Compl. ¶ 53-54.
12 Plaintiff alleges that Defendants breached that agreement by failing to offer him, as a third-party
13 beneficiary, a HAMP modification. Compl. ¶ 55.

14       Plaintiff does not have standing to bring a claim for breach of the SPA, because he is not an
15 intended third-party beneficiary of the SPA. *See Cepeda v. Fed. Nat'l Mortgage Ass'n*, 2013 WL
16 4050741, at *5 (N.D. Cal. Aug. 7, 2013) (dismissing a claim to enforce HAMP with prejudice;
17 stating "HAMP does not provide a private cause of action to enforce its provisions"); *see also*
18 *Cleveland v. Aurora Loan Servs., LLC*, 2011 WL 2020565, at *4 (N.D. Cal. May 24, 2011)
19 ("individual borrowers do not have standing to sue under a HAMP SPA because they are not
20 intended third-party beneficiaries of the SPA.") (citing *Klamath v. Patterson*, 204 F.3d 1206 (9th
21 Cir.1999)); *see also Morales v. Chase Home Finance LLC*, 2011 WL 1670045 at *9 (N.D. Cal.
22 2011) (same); *Hoffman v. Bank of Am., N.A.*, 2010 WL 2635773, at *3 (N.D. Cal. June 30, 2010)
23 (same); *Orcilla v. Bank of America, N.A.*, 2010 WL 5211507 at *3 (N.D. Cal., Dec.16, 2010) (same).
24 As such, Plaintiff's claim for breach of written contract fails as a matter of law, and is dismissed
25 with prejudice.

26 E.    Wrongful Foreclosure

27       Plaintiff's cause of action for wrongful foreclosure is based on two allegations: (1)
28 Defendants did not have authority to foreclose; and (2) even if it did, Defendants failed to comply

with California Civil Code Sections 2923.5 and 2923.6 when conducting its foreclosure. Compl. ¶ 65. The Court addresses each in turn.

### 1. Authority

Plaintiff's theory that Defendants do not have authority to foreclose is based on the allegation that none of the Defendants were appointed as trustee by its original lender—Option One Mortgage. Compl. ¶ 58. Further, Plaintiff alleges, on information and belief, that:

> none of the Defendants in this action were beneficiaries or representatives of the beneficiary. That is, none of them were assigned the Note and/or DOT executed by Plaintiff. Also, Defendants named herein along with discoverable DOES and ROES failed to record the Limited Power of Attorney concurrently with the NOD, SOT and First NOS and Assignment of DOT as required under California law. Moreover, none of the signatories to the NOD, SOT, First NOS, Second NOS, Assignment of DOT, and TDUS had the authority to execute said documents. None of said documents properly disclosed the principals that the individual was signing for. Moreover, the NOD was invalid and void as it was executed by prior to the date that it was allegedly substituted in as trustee. Consequently, all documents upon which the NOD as based were invalid and void as well.

Compl. ¶ 59.

As discussed by this Court and others, "a valid cause of action for wrongful foreclosure [may exist] where a party alleged not to be the true beneficiary instructs a trustee to file a Notice of Default and initiate nonjudicial foreclosure." *Barrionuevo v. Chase Bank, N.A.*, 885 F. Supp. 2d 964, 973 (N.D. Cal. 2012) (citing *Sacchi v. Mortgage Electronic Registration Systems, Inc.*, 2011 WL 2533029 at *9–10 (C.D. Cal. June 24, 2011); *Javaheri v. JPMorgan Chase Bank, N.A.*, 2011 WL 2173786, at *5–6 (C.D. Cal. June 2, 2011)); *see also Subramani v. Wells Fargo Bank N.A.*, 2013 WL 5913789, at *4 (N.D. Cal. Oct. 31, 2013) ("Plaintiff has sufficiently stated a claim for wrongful foreclosure based on his allegations that Defendant's 2006 sale of Plaintiff's DOT precluded Defendant from retaining a beneficial interest in the DOT.").

However, here, Plaintiff's claim that an inappropriate party initiated its nonjudicial foreclosure lacks sufficient support from specific factual allegations. In particular, nowhere in its claim is a particular Defendant mentioned by name, and nowhere is an actual event attributed to them. Without providing any further factual basis, the Court cannot find the claim plausible under *Iqbal* and *Twombly*. Accordingly, the Court finds Plaintiff's "lack of authority" theory insufficient,

as pleaded, to support its claim for wrongful foreclosure.

2.     California Civil Code Sections 2923.5 and 2923.6

Plaintiff's second theory is predicated on allegations that Defendants violated §§ 2923.5 and 2923.6 of the California Civil Code. Specifically, Plaintiff alleges that Defendants failed to contact him to explore foreclosure prevention options before initiating foreclosure proceedings. Compl. ¶ 63.

This allegation is directly contradicted by Plaintiff's other allegation that Ocwen contacted him multiple times, and made assurances that it would not proceed with foreclosure until it had reviewed his application for a loan modification. Compl. ¶ 49. That contradiction fatally undermines the plausibility of Plaintiff's claim that Defendant's violated §§ 2923.5 and 2923.6 of the California Civil Code by *failing to contact* him regarding his foreclosure, prior to proceeding with the foreclosure.

Thus, the Court finds that neither basis for Plaintiff's wrongful foreclosure claim is adequately pleaded, and dismisses the claim with leave to amend.

F.    Quiet Title

In his fifth cause of action to quiet title, the Complaint sets out: "Plaintiff seeks to quiet title against the claims of US Bank, Wells Fargo, and anyone else claiming interest in the property."[1] Compl. ¶ 69. Plaintiff goes on to allege, in conclusory fashion, that no entity has a valid interest in his property, aside from him. Compl. ¶ 71.

Under California law, a cause of action for quiet title must be in a verified complaint and include: (1) a description of the property that is the subject of the action; (2) the title of the plaintiff as to which a determination is sought and the basis of the title; (3) the adverse claims to the title of the plaintiff against which a determination is sought; (4) the date as of which the determination is sought; and (5) a prayer for the determination of the title of the plaintiff against the adverse claims. *See* Cal. Code Civ. Pro. § 761.020; *Hamilton v. Bank of Blue Valley*, 746 F.Supp.2d 1160, 1177–78 (E.D. Cal. 2010); *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F.Supp.2d 952, 975–76 (N.D. Cal.

---

[1] It is unclear and unexplained why US Bank or Wells Fargo are relevant to this action.

2010); *Ferguson v. Avelo Mortgage, LLC*, 126 Cal.Rptr.3d 586, 591 (2011).

However, for a borrower to assert a quiet title claim against a mortgagee, "it must first [pay] the outstanding debt on the property." *Rosenfeld*, 732 F.Supp.2d at 975 (N.D. Cal. 2010) (citing *Miller v. Provost*, 26 Cal.App.4th 1703, 1707, 33 Cal.Rptr.2d 288 (1994) ("a mortgagor of real property cannot, without paying his debt, quiet his title against the mortgagee") (citation omitted)).

Here, Plaintiff fails to allege a payment of the debt he owes to the mortgagee. Thus, Plaintiff's quiet title cause of action is inadequately pleaded, and the Court dismisses it with leave to amend.

G.   Slander of Title

A claim for slander of title arises when a false statement – "which disparages title to property and causes pecuniary loss" – is published in an unprivileged publication. *Stalberg v. W. Title Ins. Co.*, 27 Cal.App. 4th 925, 929 (1994). Section 47(c)(1) provides a privilege for publications that serve as communications between interested parties. *Kachlon v. Markowitz*, 168 Cal.App. 4th 316, 336 (2008). That privilege is qualified by the requirement that the communications are not malicious – *i.e.* neither "motivated by hatred or ill will" nor without reasonable basis in fact. *Id*. (citations omitted). The Section 47(c)(1) privilege applies to nonjudicial foreclosure notices. *Id*. at 339.

Mr. Petrovich alleges slander of title based on the publication of a notice of default and a notice of sale, both of which are nonjudicial foreclosure notices under Section 2924. *See* Cal. Civ. C. § 2924(a)(1); 2924(a)(4). Such publications are privileged absent a showing of malice. *Kachlon*, 168 Cal.App. 4th at 339. Mr. Petrovich's current pleading fails to allege specific facts establishing a plausible claim of malice, and therefore fails to establish that the publications were not privileged. Furthermore, Mr. Petrovich has not alleged sufficient facts indicating falsity, disparagement of title, or pecuniary loss. Thus, the pleading is deficient, and this cause of action is dismissed with leave to amend.

H.   Cancellation of Instrument

The Court may order cancellation of an invalid written instrument that is void or voidable. *Compass Bank v. Petersen*, 886 F.Supp.2d 1186, 1194 (C.D. Cal. 2012) (citing Cal. Civ. Code §

8

3412 et seq.). Courts have applied the tender rule to causes of action for cancellation of instruments pertaining to the foreclosure process. *See Kimball v. Flagstar Bank F.S.B.*, 881 F.Supp.2d 1209, 1225–1226 (S.D. Cal. 2012); *Adesokan v. U.S. Bank, N.A.*, 2012 WL 395969, at *4 (E.D. Cal. Feb. 7, 2012). In *Adesokan*, the court reasoned that "[w]ithout a meaningful tender of the amount due, cancellation of the instruments is an empty remedy which the Court cannot convey." *Adesokan*, 2012 WL 395969 at *4.

Here, this cause of action asserts there was no factual or legal basis to execute any of the foreclosure-related documents. However, Plaintiff also allege that it executed a loan to purchase the subject property, and does not allege that this amount was tendered. Accordingly, this claim is dismissed with leave to amend.

I. Promissory Estoppel

A claim for promissory estoppel requires that the following elements be established: "(1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) his reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance." *Laks v. Coast Fed. Sav. & Loan Ass'n.*, 60 Cal.App.3d 885, 890 (1976). Under the doctrine of promissory estoppel, "a promisor is bound when he should reasonably expect a substantial change of position, either by act or forbearance, in reliance on his promise, if injustice can be avoided only by its enforcement." *Id*.

Here, Plaintiff sets out the following in his Complaint:

> Defendants named herein along with discoverable DOES and ROES made a promise, through oral and written representations, that they would not foreclosure on the Subject Property if Plaintiffs completed an application for a loan modification and made monthly payments in an amount certain to Defendants.

Compl. ¶ 89.

As an initial matter, this allegation seemingly contradicts Plaintiff's prior description of the alleged communication by Ocwen. As discussed, Plaintiff alleges that Ocwen made assurances that it would not proceed with foreclosure until it had reviewed his application for a loan modification. Compl. ¶ 49. It is not clear if that communication is the same as the one referenced here, and the Complaint contains nothing that would distinguish the two, or elaborate on what communication is

9

referred to, who made it, and what was actually communicated.  Thus, the Court cannot gauge how plausible it is that the alleged communication was a clear and unambiguous promise.

Moreover, Plaintiff have not alleged injury in reliance.  First, Plaintiff has not alleged that he would not have sought a loan modification in the absence of such a promise.  Second, this court, among others, has held that where the injury alleged as a result of the reliance is that the plaintiffs made payments they were already obligated to make under the loan contract, no claim for promissory estoppel is stated.  *Lawther v. OneWest Bank, FSB*, 2012 WL 298110 at *19 (N.D. Cal. Feb. 1, 2012)(collecting cases).  Third, Plaintiff has not alleged that he would have been in a better position if he had "explored the possibility" of selling the property, or converting the property into a nonresidential investment property, as he has not alleged that either of these options were feasible or would have put him in a better position.  *See* Compl. ¶ 89.  Accordingly, this cause of action is dismissed with leave to amend.

J.  Negligence

Plaintiff's Complaint provides:

> At all times relevant herein, Defendants named herein along with discoverable DOES and ROES, acting as Plaintiff's lenders and/or servicers, had a duty to exercise reasonable care and skill to maintain proper and accurate loan records and to discharge and fulfill the other incidents attendant to the maintenance accounting and servicing of loan records, including, but not limited, disclosing to Plaintiff the status of any foreclosure actions taken by it, disclosing who owned Plaintiff's Loan to Plaintiff, refraining from taking any action against Plaintiff that it did not have the legal authority to do, and providing all relevant information regarding the Loan Plaintiff had with them to Plaintiff.

Compl. ¶ 97.

Plaintiff goes on to allege that the above referenced actions or omissions breached Defendant's duty of care.  Compl. ¶ 98.  These allegations are vague to the point of uninformative.  They do not provide "who did what" in any concrete fashion.  Such nebulous and conclusory pleadings do not meet the standard of Rule 8.  Accordingly, the Court dismisses this cause of action with leave to amend.

K.  Negligent Misrepresentation and Fraud

Plaintiff's tenth and eleventh causes of action are predicated on the same allegation that a

1  named or unnamed Defendant, at some point, made representations to Defendant that "they would
2  postpone the foreclosure sale of the Subject property if Plaintiff completed an application for a loan
3  modification and made monthly payments in an amount certain to them." Compl.¶¶ 103, 110.

4  Both of these claims are grounded in fraud, and are subject Rule 9(b).  However, as
5  discussed, the supporting factual allegations lack the necessary specificity because they fail to
6  indicate who did what, when and how. Accordingly, the tenth and eleventh causes of action are
7  dismissed with leave to amend.

8  L.    Violation of the Rosenthal Fair Debt Collection Practices Act

9  The Rosenthal Act is intended "to prohibit debt collectors from engaging in unfair or
10 deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in
11 entering into and honoring such debts." Cal Civ. Code § 1788.1. In addition to setting forth its own
12 standards governing debt-collection practices, the Rosenthal Act also provides that, with limited
13 exceptions, "every debt collector collecting or attempting to collect a consumer debt shall comply
14 with the provisions of" the FDCPA. Cal. Civ. Code § 1788.17. 15 U.S.C. §§ 1692e-1692f, on which
15 Plaintiffs base their FDCPA claim, are incorporated into the Rosenthal act.

16 Numerous courts have held that the mere allegation that a defendant foreclosed on a deed of
17 trust does not implicate the Rosenthal Act – provided the lender's conduct falls within the scope of
18 an ordinary foreclosure proceeding. *See Reyes v. Wells Fargo Bank, N.A.*, 2011 WL 30759 at *19
19 (N.D. Cal. Jan. 3, 2011) (collecting cases) (finding that allegedly deceptive statements in an offer
20 letter related to a forbearance agreement were sufficient to state a claim under the Rosenthal Act).

21 Plaintiff alleges that a named or unnamed Defendant, at some point, made representations to
22 Defendant that they would not foreclose on the Subject property if Plaintiff completed an application
23 for a loan modification and made monthly payments in an amount certain to them. Compl.¶ 117.
24 According to Plaintiff, this representation was false and misleading, and therefore a violation of the
25 Rosenthal Act. *Id*.

26 However, nothing alleged by Plaintiff is beyond the scope of the ordinary foreclosure
27 process, and therefore the facts alleged do not support a claim under the Rosenthal Act. *Cf*
28 *Rockridge Trust v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1165 (N.D. Cal. 2013) (finding a

11

Rosenthal Act claim existed where "Wells Fargo induced [plaintiff] to pay over $40,000 by leading him to believe he would be considered for a loan modification prior to refusing to accept payments unless he could pay an additional $138,440"). Accordingly, this cause of action is dismissed with leave to amend.

M.     Violation of the UCL

"To assert a UCL claim, a private plaintiff needs to have 'suffered injury in fact and . . . lost money or property as a result of the unfair competition." *Rubio v. Capital One Bank*, 613 F.3d 1195, 1203 (9th Cir. 2010) (citing Cal. Bus. & Prof. Code § 17204).

Here, the only allegation provided by Plaintiff regarding its losses is that it "has lost money and property and suffered an injury in fact." ¶ 127. This allegation is insufficient to confer standing to bring a UCL claim because it does not specify (1) what money was lost; (2) what property was lost; (3) the precise misconduct asserted as an unfair practice; or (4) how that loss is connected to the misconduct alleged. Accordingly, the Court finds that Plaintiff has not alleged facts sufficient to confer standing and dismisses this cause of action.

N.     Injunctive Relief

"Injunctive relief is a remedy and not, in itself, a cause of action, and a cause of action must exist before injunctive relief may be granted." *McNeary–Calloway v. JP Morgan Chase Bank, N.A.*, 863 F.Supp.2d 928, 964 (N.D. Cal. 2012) (quoting *Camp v. Bd. of Supervisors*, 123 Cal.App.3d 334, 356 (1981)). Plaintiff's asserted cause of action for injunctive relief is therefore dismissed with prejudice.

### III.     CONCLUSION

In summary, the Court **GRANTS** Defendant's motion to dismiss all of Plaintiff's claims. The following are claims are **DISMISSED WITH LEAVE TO AMEND**, with Plaintiff to file his amended complaint by **July 8, 2015**:

- Violation of the UCL
- Violation of the Rosenthal Fair Debt Collection Practices Act
- Negligent Misrepresentation and Fraud
- Negligence

- Promissory Estoppel
- Cancellation of Instrument
- Slander of Title
- Quiet Title
- Wrongful Foreclosure
- Breach of Oral Contract
- Violation of 12 U.S.C. § 2605

The following claims are **DISMISSED WITH PREJUDICE**:

- Injunctive Relief
- Breach of Written Contract

This order disposes of Docket No. 11.

IT IS SO ORDERED.

Dated: June 8, 2015

_____
EDWARD M. CHEN
United States District Judge